IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JESSIE CLARITO, and | ) | |
| INNOCENT OBI, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 13 C 5236 |
| | ) | |
| SUNTRUST MORTAGE, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

JAMES F. HOLDERMAN, District Judge:

Plaintiff Jessie Clarito is represented by counsel in this matter [37]. The court therefore considers all motions filed by pro se plaintiff Innocent Obi to only represent Mr. Obi's interests in this case. For the reasons set forth in the Statement section of this order, Mr. Obi's motion for reconsideration [38] and motion for court to issue a memorandum opinion [40] are denied.

Statement

At the most recent status hearing in this case, on September 24, 2013, pro se plaintiff Innocent Obi appeared before the court to represent his interests in this lawsuit. Plaintiff Jessie Clarito did not appear in court on September 24, 2013, and has never appeared before this court at the two hearings held in this case. Although attorney Chinyere Alex Ogoke filed his "Attorney Appearance Form" in hard copy on September 23, 2013, for purposes of appearing on behalf of Jessie Clarito, Mr. Ogoke also did not appear at the September 24, 2013 status hearing.

At the September 24, 2013 status hearing, the court asked Mr. Obi whether the debt at issue in this FDCPA case was the mortgage and promissory note executed by Jessie Clarito on Ms. Clarito's condominium property, and whether this property was subject to an ongoing mortgage foreclosure proceeding in the Circuit Court of Cook County, Case No. 12 CH 16136. Mr. Obi answered each question in the affirmative. The court also asked questions clarifying Mr. Obi's interest in Ms. Clarito's property and learned that Mr. Obi is not a mortgagor or borrower with respect to the property. Rather, Mr. Obi claims to hold "a lease with the option to buy . . . and quitclaim deed" to Ms. Clarito's condominium. (*See also* Dkt. No. 28-3.))

The Complaint in this case is riddled with language alleging that the defendants harassed a single, solitary "plaintiff" in violation of the FDCPA. (Compl. ¶¶ 29, 30, 31, 33, 36, 39, 40, etc.) In some paragraphs, by contrast, the Complaint appears to allege that the defendants contacted both "plaintiffs," however a closer reading of these paragraphs also includes references to "her" phone or "her" house, indicating that these collection activities were only geared to Ms.

Clarito. (*Id.* ¶¶ 37, 44.)  At the September 24, 2013 status hearing, the court specifically asked Mr. Obi if the named defendants have ever contacted *him* for purposes of collecting on the mortgage debt owed on Ms. Clarito's condominium property.  Mr. Obi responded that he has been "in contact with" a customer service representative from SunTrust since 2011, but he did not clarify whether SunTrust initiated this contact.  (*Compare* Compl. ¶ 24 ("plaintiffs have written numerous QWR Qualify written request letters to defendants"); ¶ 34 ("plaintiffs sent out another mail to all the Defendants"); ¶ 36 ("plaintiffs requested them to provide proof of the real amount").)

As stated in open court, the court dismissed this case for failure to state a claim for which relief can be granted and, in the alternative, pursuant to the *Colorado River* abstention doctrine in light of the ongoing foreclosure action in state court.

What the court did not state on the record, but now makes clear, is its concern that Mr. Obi is practicing law without a license.  Both in his written submissions to the court and in his oral presentations, Mr. Obi presents himself as though acting on behalf of Jessie Clarito.  Mr. Obi is not a licensed attorney in the State of Illinois and is not a member of this court's bar.  Although he does not claim to be an attorney, he has appeared in court on behalf of his "co-plaintiff" and appears to have assisted Jessie Clarito in communicating with the defendants regarding the debt owed on her condominium property.  Mr. Obi's use of "we" and "our" at the September 24, 2013 status hearing was noticeably odd; Mr. Obi's interests as a lessee and holder of a quitclaim deed are not necessarily aligned with Ms. Clarito's interests, nor does Mr. Obi's interest in the property give him standing to pursue her claims.  Parties to a case are permitted to proceed "personally or by counsel," but those are the only options.  28 U.S.C. § 1654; *see also* Local Rule 83.12(a) ("only members in good standing of the general bar of this Court may enter appearance of parties [or] file pleadings, motions or other documents").  Parties can not appear via friends, colleagues, or other individuals with an interest in the outcome of the case.

On September 17, 2013, the Executive Committee of this court entered an order barring Mr. Obi from filing any new civil actions, in part because Mr. Obi has appeared as a pro se plaintiff in 19 cases filed since May 2010, and in part due to the Executive Committee's concern that "Mr. Obi may be engaged in the practice of law without a license."  (*See* www.ilnd.uscourts.gov/home/RestrictedFilers.aspx)  The Executive Committee order also made clear that "[c]ases in existence prior to the entry of this order are not affected by this order and shall proceed as usual."  This court need not turn a blind eye toward the allegations in this Complaint, however, or to Mr. Obi's behavior when appearing before the court.  For all of these reasons, Mr. Obi's motion for reconsideration [38] and motion for court to issue a memorandum opinion and order [40] are denied, and the court's ruling of September 24, 2013 stands.

ENTER:

JAMES F. HOLDERMAN
United States District Court Judge

Date:   September 27, 2013